UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN JONES BEY Authorized Representative, Natural Person, In Propria Persona EX Relatione John Jones; All Rights Reserved; U.C.C. 1-207/ I-308; U.C.C. 1-103 Not a Corporate Person or Entity, Misrepresented by Fraudulent Construct of ALL CAPITAL LETTERS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>STATE OF INDIANA INDIANA CORPORATION,<br>*et al.*<br>　　　　　　　　　　Defendants. | ）<br>）<br>）<br>）<br>）　No. 1:15-cv-01598-TWP-TAB<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） |

**Entry Discussing State Defendants' Motion to Dismiss**

Plaintiff John Jones Bey brings this action against a number of state and local defendants alleging that the defendants have illegally assessed property taxes on his home. The plaintiff alleges that "[t]he state of Indiana, Marion County, Marion County treasury's office [sic], and/or any of its officers is not, nor ever were entitled to any payment of taxes of any kind from me and/or my family from or on any of my/our properties." Arguing that the claims against them are barred by Eleventh Amendment immunity, defendants Michael Pence and the State of Indiana (the State Defendants) move to dismiss and Jones Bey has responded. For the following reasons, the State Defendants' motion to dismiss [dkt 17] is **granted**.

**I. Motion to Dismiss Standard**

The State Defendants argue that the claims against them must be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief

can be granted. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss pursuant to Rule 12(b)(6).

## II. Discussion

The State Defendants move to dismiss the plaintiff's claims against because the claims are barred by their Eleventh Amendment immunity. Eleventh Amendment immunity prohibits suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). The Eleventh Amendment also bars suits for damages brought against state officials in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir. 1994) ("The Eleventh Amendment prohibits federal courts from deciding suits brought by private litigants against states or their agencies, and that prohibition extends to state officials acting in their official capacities.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Three exceptions to Eleventh Amendment immunity exist. First, suits against state officials in their official capacities that seek prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment. *Ex Parte Young*, 209 U.S. 123 (1908). Second, individuals may sue a state directly if Congress has validly abrogated the state's immunity from suit under the Fourteenth Amendment. *MCI Telecomm. Corp. v. Ill. Commerce Comm'n,* 183 F.3d 558, 563 (7th Cir.1999). Third, individuals may sue the state if the state waived its sovereign immunity and consented to suit in federal court. *Id.* None of these exceptions is applicable to Jones Bey's claims. Specifically, he is not seeking prospective relief, but damages, and he has identified no valid abrogation of sovereign immunity by Congress or waiver of immunity by the State. Jones Bey's claims against the State Defendants are therefore barred by sovereign immunity and must be dismissed.

### III. Conclusion

For the foregoing reasons, the State Defendants' motion to dismiss [dkt 17] must be **granted.** Judgment consistent with this Entry and the Entry dismissing the claims against the Marion County Defendants shall now issue.

**IT IS SO ORDERED.**

Date: 2/18/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN JONES BEY
3457 Kinnear Avenue
Indianapolis, IN 46218

All electronically registered counsel