UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN JONES BEY Authorized Representative, Natural Person, In Propria Persona EX Relatione John Jones; All Rights Reserved; U.C.C. 1-207/ I-308; U.C.C. 1-103 Not a Corporate Person or Entity, Misrepresented by Fraudulent Construct of ALL CAPITAL LETTERS,<br><br>                Plaintiff,<br><br>     vs.<br><br>STATE OF INDIANA INDIANA CORPORATION, *et al.*<br>                Defendants. | No. 1:15-cv-01598-TWP-TAB |

**Entry Granting Marion County Defendants' Motion to Dismiss**

Plaintiff John Jones Bey brings this lawsuit against certain state and local defendants alleging that these defendants have violated his constitutional rights and seeking an order directing the defendants to "cease and desist, in their administrating of [his] property without [his] consent." He also wishes to recover all "funds received by Marion County . . . for property taxes in the last 40 years with interest and penalties." Arguing that this action is barred by the Tax Injunction Act, defendants Marion County Treasury Offices, Joseph P. O'Connor, Billie Breaux, Julie Voorhies, John C. Satten, and Claudia O. Fuentes (the "Marion County Defendants") move to dismiss the claims against them and Jones Bey has responded. For the following reasons, the Marion County Defendants' motion to dismiss [dkt 21] is **granted**.

## I. Background

The State of Indiana imposes a tax on real property, such as land and buildings. Ind. Code § 6-1.1 et seq. The tax is assessed on an annual basis and is payable by whoever owns the real property on the assessment date of each year. Ind. Code § 6-1.1-2-4.

According to the complaint, which is titled "Writ of Mandamus," Jones Bey was born in the United States, but is not a citizen of the United States and is not subject to the laws of the United States. Jones Bey also alleges that he is not a "taxpayer" of the United States, and he did not agree to allow the State of Indiana or Marion County to assess and collect property taxes on the real estate at issue.

On the basis of these allegations, Jones Bey filed this lawsuit to obtain an order requiring the Marion County Defendants to: (a) remove the properties at issue from the Marion County property tax roll; (b) cease and desist assessing and imposing any further property taxes upon the properties at issue; and (c) refund all of the Indiana real property taxes paid by Jones Bey and/or his family before him on the subject properties over the last 40 years, together with interest and penalties. He also seeks more than $11 billion in damages.

## II. Standard of Review

The Marion County Defendants move to dismiss Jones Bey's claims against them for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*. Federal jurisdiction is limited and, subject matter jurisdiction, the "power to decide," must be conferred upon a federal court. *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (internal citations omitted). In assessing a motion to dismiss for lack of subject matter jurisdiction, the Court accepts all well-pleaded allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771

2

(7th Cir. 2002). The Court may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir. 1993).

### III. Discussion

The Marion County Defendants argue that the Tax Injunction Act, 28 U.S.C. § 1341, deprives this Court of jurisdiction to hear the claims against them. That statute provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy of collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

The Seventh Circuit has held that the Indiana law provides for a "plain, speedy and efficient remedy" for disputes relating to the imposition and collection of Indiana property taxes and therefore federal courts lack jurisdiction to hear matters challenging the assessment of taxes. *Hay v. Indiana State Bd. of Tax Commnr's*, 312 F.3d 876, 880 (7th Cir. 2002); *Miller v. Bauer*, 517 F.2d 27 (7th Cir. 1975); *Sacks Bros. Loan Co. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978)).

Jones Bey opposes the motion to dismiss, but does not deny that he is challenging the imposition of taxes on his property. He argues that for various reasons, he is not subject to tax. The taxes assessed, he concludes, violated his constitutional rights and his rights under the Universal Declaration of Human Rights and the Declaration on the Rights of Indigenous People among other things. To the extent that Jones Bey can be understood to argue that as a sovereign citizen or Moorish-American, he is not subject to taxation, such arguments have been repeatedly rejected and thus are rejected here. *See Beck v. McKinney,* 16 F. App'x 482, 483-84 (7th Cir. 2001) (citing *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir. 1993)).

The Marion County defendants have shown that the Tax Injunction Act divests this Court of jurisdiction over Jones Bey's claims and Jones Bey has failed to show that this Court can

exercise jurisdiction over his claims. The claims against the Marion County Defendants must therefore be dismissed

## IV. Conclusion

For the foregoing reasons, the Marion County Defendants' motion to dismiss [dkt 21] is **granted**. Judgment consistent with this Entry and the Entry dismissing the claims against the State Defendants shall now issue.

**IT IS SO ORDERED.**

Date: 2/18/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN JONES BEY
3457 Kinnear Avenue
Indianapolis, IN 46218

All electronically registered counsel